# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SHARON H. FRETWELL,

    Plaintiff,

v.                        CASE NO. 4:08cv430-RH/WCS

KANSAS CITY LIFE INSURANCE
COMPANY et al.,

    Defendants.

_____/

## ORDER SEVERING CLAIMS, RESTRICTING DISCOVERY,
## AND DENYING MOTION TO CONTINUE

      This is a dispute over the benefits due under two life insurance policies. The defendant Kansas City Life Insurance Company issued the policies through an agent, the defendant Y. C. McNease, to the insured, John Fretwell. He died, and the beneficiary, the plaintiff Sharon H. Fretwell, made a claim for the face amount of the policies. The insurer discovered that the applications for the policies incorrectly listed Mr. Fretwell's date of birth. One of the applications also listed the wrong age. Because of the errors, Mr. Fretwell had paid lower premiums than would have been required for a person of his actual age to buy the same policies. The insurer asserted it owed Ms. Fretwell only the lower amount of insurance that

the same premiums would have purchased based on Mr. Fretwell's actual age.

Ms. Fretwell filed this action against Kansas City Life and Mr. McNease. She claims the face amount of the policies. She says that Kansas City Life owes her that amount, but that if it does not, then it is Mr. McNease's fault. She says Mr. McNease filled out the applications, knew Mr. Fretwell's real age, and made the mistakes in the applications.

Mr. McNease has moved to dismiss or abate the action pending a determination of whether Kansas City Life must pay the full face amount of the policies. Mr. McNease relies partly on Florida cases that suggest that abatement is mandatory in circumstances like these. *See Blumberg v. USAA Casualty Ins. Co.*, 790 So. 2d 1061 (Fla. 2001), and *Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323 (Fla. 1990).

One could perhaps draw distinctions with these cases. But it does not matter whether abatement is mandatory. At the least, I have discretion to sever the claims against Mr. McNease for separate trial, and to limit discovery that relates only to the claims against Mr. McNease. Especially in light of these Florida cases, doing so makes sense.

Mr. McNease also has moved to continue the trial. The decision to sever the claims against him for separate trial resolves the motion for a continuance.

For these reasons,

IT IS ORDERED:

1. The defendant Y. C. McNease's motion to dismiss or abate (document 70) is GRANTED IN PART. All of the claims against Mr. McNease will be tried separately on a date to be set after the trial of the claims against the defendant Kansas City Life Insurance Company. The trial of the claims against Kansas City Life remains set for the two-week trial period that begins on May 18, 2009.

2. Mr. McNease need not respond to interrogatories or requests for admission until the later of (a) 30 days after they are served or (b) 20 days after the claims against Kansas City Life are tried or settled. Mr. McNease may object to other discovery related only to the claims against him—and unrelated to the claims against Kansas City Life—but either party may file an appropriate motion for a ruling on whether the discovery may proceed. Discovery related at least in part to claims against Kansas City Life may continue until the discovery deadline of February 5, 2009.

3. After trial or settlement of the claims against Kansas City Life, the discovery period will be reopened for discovery relating to the claims against Mr. McNease.

4. Mr. McNease's motion to continue (document 77) is DENIED AS MOOT.

SO ORDERED on January 7, 2009.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge
